UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES A. EVANS,** | ) | **CASE NOs. 1:98CR75;** |
| | ) | **1:11CV2284** |
| Petitioner, | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| **UNITED STATES OF AMERICA,** | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the government's motion to dismiss (Doc. 47)[1] as untimely the *pro se* motion of Petitioner James A. Evans ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 46.) In response to the government's motion, Petitioner has filed a reply (Doc. 50) and a motion to expand the record (Doc. 49). For the reasons that follow, the government's motion to dismiss (Doc. 47) is **GRANTED**, Petitioner's § 2255 motion is **DENIED**, and Petitioner's motion to expand the record is **MOOT**.

I.  BACKGROUND

On October 8, 1998, after pleading guilty to possession of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and to possession of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), Petitioner was sentenced to 240 months incarceration and ten years of supervised release. Petitioner did not file a direct appeal.

---

[1] All docket references are to the criminal case docket.

On October 25, 2011, Petitioner filed the instant motion to vacate pursuant to § 2255, arguing that he was denied effective assistance of counsel at sentencing and that the Court erred in finding that his prior state conviction qualified as a predicate for purposes of sentencing enhancement. The government moved to dismiss Petitioner's motion as time barred pursuant to § 2255(f)(1). Petitioner contends in opposition that his motion is timely pursuant to § 2255(f)(4).

**II.     ANALYSIS**

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a conviction or sentence alleged to be in violation of federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 776, 770 (6th Cir. 1979). Motions brought pursuant to § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; of

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If, as the government argues, the limitations period is calculated from the date Petitioner's conviction became final, then his motion is untimely. A judgment becomes final after judgment has been entered and the time for filing a direct appeal expires. *Sanchez–*

*Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (finding that, where a movant does not pursue a direct appeal, his judgment becomes final "on the date on which the time for filing such appeal expired").

Petitioner concedes that he did not file a direct appeal and that his conviction became final on October 18, 1998, ten days after he was sentenced. (Doc. 50 at 1.)[2] Petitioner did not file the instant motion until October 2011, which is over thirteen years later. As such, Petitioner's Motion is time-barred under § 2255(f)(1), and must be dismissed unless he can make use of one of the other triggering events set forth in § 2255(f).

Petitioner contends that "his new claims asserted on October 25, 2011, [are] in fact timely under § 2255(f)(4)." (Doc. 50.) Petitioner argues his claim for relief was not legally cognizable until the Supreme Court's ruling in *Lopez v. Gonzales*, 549 U.S. 47 (2006), which held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." 549 U.S. at 60. In light of *Lopez*, Petitioner asserts that his prior state felony conviction for drug trafficking should not have been used to enhance his sentence because that conviction constitutes nothing more than a simple drug possession misdemeanor under the CSA. He contends that the earliest date he could have discovered the facts supporting this claim was September 15, 2011, when he finally obtained his state conviction record. Further, Petitioner maintains that he exercised due diligence in pursuing his claim.[3] Petitioner asserts that these facts support a finding that his petition is

---

[2] At that time, Fed. R. App. 4(b)(1)(A) allowed ten days for filing the notice of appeal. In 2009, the rule was amended, increasing the time for filing a notice of appeal from ten to fourteen days, but that amendment was not in effect at the time of Petitioner's conviction.

[3] In support of this assertion, he has moved to expand the record to include several letters he wrote between August 8, 2010 and October 30, 2011, asking the courts, his former attorneys, the state prosecutor's office, and the United States Attorney's for assistance in acquiring information regarding his prior state conviction. Because this Court

timely under § 2255(f)(4) (Doc. 50), or alternatively, that equitable tolling should apply to avoid the bar of the statute of limitations. (Doc. 48 at 8-11.)

Because Petitioner's invocation of § 2255(f)(4) is predicated on a right "newly recognized by the Supreme Court," however, he must necessarily be able to successfully invoke § 2255(f)(3), which, the Court concludes, he cannot do for two reasons. First, "[w]hile neither the Supreme Court, nor the Sixth Circuit has addressed whether *Lopez* applies retroactively to cases on collateral review, the majority of courts to have considered this issue have concluded that it does not." *Williams v. United States*, 2010 WL 2010953, at *7 (N.D. Ohio May 20, 2010) (collecting cases).[4] *See Tyler v. Cain,* 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral' review unless the Supreme Court holds it to be retroactive."). Second, even if this Court were to find that *Lopez* applied retroactively, "because courts have limited its holding to interpretation of the term 'aggravated felony' in the immigration context,"

---

concludes, herein, that Petitioner cannot successfully invoke § 2255(f)(3), it need not reach the issue of due diligence under § 2255(f)(4) and consideration of the submitted materials is unnecessary. Accordingly, Petitioner's motion to expand the record is denied as MOOT.

[4] *See Mason v. United States,* No. 4:07–CV–933, 2008 U.S. Dist. LEXIS 73428, at *5 (E.D. Mo. Sept. 25, 2008) ("There is no indication that *Lopez* was meant to apply retroactively to cases on collateral review and the Court declines to so apply it."); *United States v. Quintero–Quintero,* No. CR–04–42, 2008 U.S. Dist. LEXIS 96919, at *9 (E.D. Wash. Nov. 21, 2008) (noting that "the Supreme Court has not ruled that *Lopez* applies retroactively to cases on collateral review"); *United States v. Gooden,* No. 04–226, 2007 U.S. Dist. LEXIS 88965, at *4, 2007 WL 4276458 (W.D. Pa. Dec. 4, 2007) ("Although there is some split of authority, I am persuaded by those cases holding that *Lopez* is not retroactive on collateral review."); *Storeby v. United States,* No. 8:02–cr–65, 2007 U.S. Dist. LEXIS 39494, at *5, 2007 WL 1577804 (M.D. Fla. May 31, 2007) (finding that " *Lopez* is not retroactively applicable on collateral review"); *Ibarra–Martinez v. United States,* No. 8:93–cr–3–T, 2007 U.S. Dist. LEXIS 92151, at *9 (M.D. Fla. Dec. 14, 2007) (finding that "Lopez involved only statutory interpretation ... [and] is not retroactively applicable to cases on collateral review"); *but see United States v. Keyes,* 558 F. Supp. 2d 1169, 1173 (D. Col. 2007) (concluding that "*Lopez* announced a substantive new rule of law that should be applied retroactively to this collateral proceeding" but ultimately finding it limited to the immigration context).

and Petitioner is not an alien, it has no bearing on the whether the sentencing enhancement applied by the Court in 1998 was valid. *See id.* (collecting cases).[5]

*Lopez*, held that a state felony conviction for simple possession of drugs is not "drug trafficking" within the meaning of 8 U.S.C. § 1101(a) (43)(B), a provision of the Immigration and Nationality Act. Thus, *Lopez* addressed an entirely different statutory definition than the one relevant in Petitioner's case. The relevant statute in his case is 21 U.S.C. § 802(44), which defines "felony drug offense"—i.e., the type used for enhancements in federal drug cases—as any prior state or federal "felony" offense that "relate[es]" to illegal drugs. That statutory definition is much broader than the one at issue in *Lopez* and clearly encompasses Petitioner's state felony drug trafficking conviction. *See, e.g. United States v. Bowens*, 425 F. App'x 205, 209-210 (4th Cir. 2011); *United States v. Hawkins*, 548 F.3d 1143, 1150 (8th Cir. 2008); *United States v. Curry,* 404 F.3d 316, 318-19 (5th Cir. 2005). Accordingly, the Court finds that Williams cannot invoke § 2255(f)(3). Consequently, his invocation of § 2255(f)(4),

---

[5] *See Velasquez v. Ellis,* No. 06 CV 0241, 2008 U.S. Dist. LEXIS 14193, at *2, 2008 WL 544437 (E.D. Cal. Feb. 26, 2008) ("The present case does not involve the INA, thus *Lopez* has no application."); *Stevenson v. United States,* No. 05–10262, 2010 U.S. Dist. LEXIS 23482, at *6 (E.D. Mich. Mar. 15, 2010) ("The difference in the statutory terms and definitions in the INA and the Controlled Substances Act readily distinguish *Lopez* from the present case."); *United States v. Keyes,* 558 F. Supp. 2d 1169, 1174 (D. Col. 2007) (noting that, "courts that have applied *Lopez* outside of 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228, and 1229b(a)(3) have limited its application to other uses of the term 'aggravated felony' in the immigration context"); *Lampton v. Menifee,* No. 07–0628, 2007 U.S. Dist. LEXIS 98374, at *7 (W.D. La. Aug. 13, 2007) ("Further, since the resolution of petitioner's predicament does not turn on an interpretation of the 'aggravated felony' provisions of the INA, the holding of *Lopez, supra,* does not apply."); *United States v. McClain,* Nos. CR03–0239, CV–07–0077, 2009 U.S. Dist. LEXIS 60864, at *18 (E.D. Wash. June 30, 2009) ("Here, petitioner has not shown how *Lopez* is relevant to the circumstances of his case. Inconsistent with *Lopez,* this case does not involve the INA, and *Lopez* is confined to cases concerning the INA."); *Rollins,* 2008 U.S. Dist. LEXIS 46701, at *3 ("Therefore, *Lopez* is not applicable in this situation and offers Rollins no relief as he is not an alien and he has not shown how a ruling concerning immigration law and the classification of offenses under the CSA applies to the calculation of his criminal history points."); *Mason v. United States,* No. 4:07–CV–933, 2008 U.S. Dist. LEXIS 73428, at *6 (E.D. Mo. Sept. 25, 2008) ( *"Lopez* concerned different language in a different statute, as it construed the term 'felony punishable under the Controlled Substances Act' in 18 U.S.C. § 924(c)(2). As a result, the holding in *Lopez* is irrelevant to movant's conviction."); *Patton v. United States,* Case No. 04–20027, 2007 U.S. Dist. LEXIS 44927, at *11–12, 2007 WL 1796225 (E.D. Mich. June 20, 2007) (finding that *Lopez* "has no impact on the petitioner's sentence under the Controlled Substances Act, which contains discrete definitions that differ from the language of the INA").

which is premised on his assertion that he could not discover the facts to support his claim based on *Lopez* until September 15, 2011, necessarily fails; and therefore, his § 2255 motion is time-barred pursuant to § 2255(f)(1).

### III. CONCLUSION

For the foregoing reasons, the government's motion to dismiss is **GRANTED**, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and Petitioner's motion to expand the record is **MOOT**. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 1, 2011

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**