UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:98CR75 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| JAMES A. EVANS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on defendant James Evans's motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582. (Doc. No. 60.) The government opposes the motion. (Doc. No. 61.) This motion represents the third time defendant has sought adjustment of his sentence, and the second time he has sought retroactive application of Amendment 750 to U.S.S.G. § 2D1.1.

On July 13, 1998, defendant pleaded guilty to one count of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and to one count of possession with intent to distribute 246.70 grams of cocaine, in violation of §§ 841(a)(1) and (b)(1)(C). While the sentencing guideline calculation yielded a range of between 188 to 235 months, defendant was subject to a

mandatory minimum term of 240 months imprisonment. Accordingly, because the mandatory minimum sentence exceeded the maximum guideline range, the Court imposed a sentence of 240 months imprisonment.

On March 20, 2008, defendant filed his first motion under 18 U.S.C. § 3582, seeking a sentencing reduction based on Amendment 706. (Doc. No. 35.) The Court denied the motion, concluding that defendant was not entitled to a sentence reduction because both the original guideline range and the amended range fell below the statutory, mandatory minimum sentence. (Doc. No. 37.)

Defendant filed a second motion for a sentence reduction, on November 30, 2011, this time citing the U.S. Sentencing Commission's decision to retroactively apply Amendment 750 to certain offense levels for the possession of crack cocaine.[1] (Doc. No. 51.) The Court denied this motion, finding, once again, that defendant was subject to the 240 month statutory, mandatory minimum sentence. (Doc. No. 58 [applying U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum shall be the guideline sentence.")]) In so ruling, the Court underscored the fact that the Sentencing Commission lacked the authority to alter statutory mandatory

---

[1] On June 30, 2011, the Sentencing Commission adopted Amendment 750 to the Drug Quantity Table in U.S.S.G. § 2D1.1, which altered the offense levels applicable to crack cocaine offenses. U.S.S.G. § 1B1.10 was subsequently revised on November 1, 2011 to reiterate the limit on relief available under 18 U.S.C. § 3582(c). Specifically, Application Note 1(A) states that a reduction under § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1 (2011). The Commission then added Amendment 750 to the list of amendments in U.S.S.G. § 1B1.10(c) that applied retroactively, effective as of November 1, 2011.

minimum penalties. (*Id.* at 126 [citing *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010].)

In the present motion, defendant resurrects his argument that Amendment 750 should be applied retroactively to reduce his sentence. He acknowledges that his "statutory minimum penalty was 240 months[,]" and that this "became his 'applicable guideline range.'" (Doc. No. 60 at 134.) Nonetheless, he cites to two unreported decisions from outside of the Sixth Circuit, wherein the sentencing courts purportedly reduced their previously imposed drug sentences in light of each defendant's rehabilitation efforts. (Doc. No. 60 at 137 [citing decisions].)

While he does not specifically cite to it, on the day defendant filed the present motion, a panel of the Sixth Circuit issued a ruling in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In that decision, the court held that the Fair Sentencing Act of 2010 ("FSA"), which raised the threshold amounts of crack cocaine needed to activate the mandatory minimums, and the new sentencing guidelines relating to crack cocaine sentences, "can and should be interpreted to replace retroactively the old, discriminatory mandatory minimums with new, more lenient minimums[,]" even for inmates sentenced before the FSA took effect. *Id.* at 490. The panel reversed the district court, which had used the pre-FSA statutes and guidelines at sentencing, and remanded the case for resentencing under the FSA. In its opposition brief, the government acknowledged the panel decision in *Blewett*, but suggested that the decision was improperly decided. (Doc. No. 61 at 148 n.3.)

After the government filed its response, the Sixth Circuit granted rehearing of *Blewett* en banc and vacated the panel decision, holding that the FSA does not apply to inmates sentenced before the FSA took effect. *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) (en banc). The Sixth Circuit concluded that Congress, in passing the FSA, "intended to follow the 'ordinary practice [of] apply[ing] new penalties to defendants not yet sentenced, *while withholding that change from defendants already sentenced.*'" *Id*. at 651 (quoting *Dorsey v. United States*, -- U.S.--, 132 S. Ct. 2321, 2335, 183 L. Ed. 2d 250 (2012)) (alterations and emphasis in original).

Most significantly to defendant's motion, the Sixth Circuit also held that 18 U.S.C. § 3582(c) does not allow inmates to "circumvent[]" the FSA's inapplicability to finalized sentences. *Blewett*, 746 F.3d at 650. Section 3582(c)(2) permits an inmate to seek sentence reduction when the sentencing range on which his term of imprisonment was based "has subsequently been lowered *by the Sentencing Commission*[.]" *Id*. at 656 (emphasis added). "Section 3582(c)(2) allows consideration only of retroactive amendments to the sentencing guidelines, *with other sentencing elements—mandatory minimums included—held constant*." *Id*. (emphasis added). As this Court has stated, in multiple opinions and orders, defendant was sentenced under a statutory mandatory minimum sentence. (*See* Doc. No. 37 at 19; Doc. No. 58 at 126-27.) He is not entitled to have that sentence retroactively reduced by application of a change in the sentencing guidelines.

For the reasons set forth above, defendant's motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. §

3582 is DENIED. Further, the Court certifies, pursuant to 28 U.S. C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 19, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**